UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FAIR HOUSING CENTER OF CENTRAL INDIANA, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Cause No.  1:16-cv-339-WTL-TAB |
| UNITED CHURCH RESIDENCES OF INDIANAPOLIS, INDIANA, INC., et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS**

This cause is before the Court on the Motion to Dismiss filed by the Defendants, United Church Residences of Indianapolis, Indiana, Inc., ("UCR"); United Church Homes, Inc., ("UCH"); and Shea Hodowaniec. Dkt. No. 19. The motion is fully briefed, and the Court, being duly advised, **GRANTS IN PART AND DENIES IN PART** the motion for the reasons set forth below.

I.      **STANDARD**

The Defendants move to dismiss the Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Complaint fails to state a claim for which relief can be granted. In reviewing a Rule 12(b)(6) motion, the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012). For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (omission in original). A complaint must "contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."
*Agnew*, 638 F.3d at 334 (citations omitted). A complaint's factual allegations are plausible if
they "raise the right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550
U.S. 544, 556 (2007).

## II.   BACKGROUND

The Plaintiffs, Fair Housing Center of Central Indiana, Inc.; Patricia Light; Madonna
Quick; Helen Wells; and Carolyn Brock, assert claims under the Fair Housing Act of 1988, 42
U.S.C. § 3601, et seq., and the Indiana Fair Housing Act, Ind. Code § 22-9.5, et seq., against the
Defendants. For the purposes of this motion, the Court accepts the following facts as true.

Capitol Station is a residential apartment building financed by the United States
Department of Housing and Urban Development ("HUD") to provide housing for people 62
years of age or older. Residents pay 30% of their adjusted monthly income for rent, and the
remainder of the rent for each tenant is paid by HUD. Capitol Stations has 48 units. It is a three-
story building and has one elevator.

The Defendants advertise that Capitol Station is wheelchair accessible and has
apartments with lots of space for maximum mobility. Many Capitol Station residents have
mobility impairments and, due to these impairments, rely on the elevator to access or leave their
second- or third-floor apartments. During the months of August and September 2015, Light,
Quick, Wells, and Brock ("the Individual Plaintiffs") were all individuals with disabilities who
qualify as disabled under the FHA, and all lived on the third floor at Capitol Station. On or
around August 25, 2015, the sole elevator at Capitol Station stopped working. It remained
completely out of service for approximately five and a half weeks.

During the time that the elevator was out of service, Quick underwent knee replacement surgery. Her return to her apartment was delayed due to the lack of elevator service. Brock moved from Capitol Station in November 2015 due to her unhappiness about the elevator outage.

While the elevator was out of service, many tenants of Capitol Station made many requests to the Defendants for accommodations for themselves and other residents, including help getting groceries and walking dogs. The tenants requested that the elevator be promptly repaired and sought information about when it would be repaired. The Defendants did not engage in an interactive dialogue regarding the requests by the residents. Capitol Station did nothing to help Light, Quick, Wells, Brock, and other residents, some of whom were trapped on the top two floors of the building. Capitol Station promised that volunteers would assist, but no volunteers ever did.

Hodowaniec, an employee of UCR and/or UCH, told one of the Individual Plaintiffs that she was hired to take care of the building, not the residents. Hodowaniec took a one-week vacation during the time the elevator was out of service. She did not engage in an interactive dialogue with or provide any of the tenants with reasonable accommodations.

## III.   DISCUSSION

The Fair Housing Act prohibits discrimination against "any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). The Act also makes it unlawful to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this

3

title." 42 U.S.C. § 3617. The Act governs conduct regardless of whether it occurs before or after a tenant or owner has acquired a property interest in a dwelling. *See Bloch v. Frischolz,* 587 F.3d 771, 780-82 (7th Cir. 2009) (en banc).

The Fair Housing Amendments Act of 1988 amended the Fair Housing Act of 1968 to extend protection to people with disabilities. Pub. L. No. 100-430, 102 Stat. 1619, codified at 42 U.S.C. § 3601, et seq. In addition to bringing disabled persons within the FHA's ambit, the amendments expanded the definition of unlawful discrimination. Section 3604(f)(3)(B) defines discrimination to include "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such [disabled] person equal opportunity to use and enjoy a dwelling." A disabled individual alleging unlawful housing discrimination can rely on any of several different theories to establish an FHA violation: disparate treatment, disparate impact, failure to make a reasonable accommodation, or failure to permit a reasonable modification.

In the first count of the Complaint, the Plaintiffs allege that the Defendants, by a pattern or practice of illegal discrimination, have violated the Fair Housing Act by discriminating against the Individual Plaintiffs, individuals with disabilities, in two ways: (1) refusing to provide reasonable accommodations in violation of 42 U.S.C. § 3604(f)(3)(B), and (2) otherwise making a dwelling unavailable in violation of 42 U.S.C. § 3604(f)(1). The Plaintiffs also allege that the Defendants' actions and/or inaction had a disparate impact on them as persons with disabilities. The second count of the complaint raises the same allegations under the Indiana Fair Housing Act, Ind. Code. § 22-9.5, *et seq.*

The Defendants contend that reasonable accommodations under Section 3604(f)(3)(B) are limited to requests based on rules, policies, practices, or services, and that repair of an

elevator does not fall under this section.[1] Section 3604(f)(3)(B) defines discrimination to include "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." Whether a requested accommodation is reasonable is a highly fact-specific inquiry and requires balancing the needs of the parties. *Dadian v. Village of Wilmette*, 269 F.3d 831, 838 (7th Cir. 2001). An accommodation is reasonable if it is both efficacious and proportional to the costs to implement it. *Vande Zande v. Wis. Dept. of Admin.,* 44 F.3d 538, 543 (7th Cir. 1995). An accommodation is unreasonable if it imposes undue financial or administrative burdens or requires a fundamental alteration in the nature of the program. *Southeastern Comm. Coll. v. Davis,* 442 U.S. 397, 412-13 (1979). It may, in fact, be the case that the requests listed in the Complaint—promptly repairing the elevator, assisting with shopping, and walking dogs—were not in fact reasonable accommodations under the FHA. However, the Plaintiffs were not required to plead more than that they were in fact denied reasonable accommodations; in other words, they were not required to identify the reasonable accommodations they were denied.

> Even after *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Federal Rules of Civil Procedure do not require code pleading. Under the old pre-Rules regime of code pleading, plaintiffs were required to plead the elements of a cause of action along with facts supporting each element. 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed.) (describing code pleading as requiring "the pleader [to] set forth the 'facts' constituting a 'cause of action'"). Under the modern regime of the Federal Rules, the complaint need contain only factual allegations that give the defendant fair notice of the claim for relief and show the claim has "substantive plausibility."

---

[1] As the Defendants point out, the Plaintiffs' complaint appears to allege a pattern or practice of illegal discrimination. However, the Plaintiffs clarify that they "do not claim to be proceeding under 42 U.S.C. § 3614 and are not asserting a separate claim based on an abstract 'pattern or practice' with no individual victim." Dkt. No. 23 at 7-8.

*Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 517-18 (7th Cir. 2015) (citing *Johnson v. City of Shelby*, ___ U.S. ____, 135 S. Ct. 346 (2014) (per curiam)). The Seventh Circuit has made it clear that the specificity of facts that must be pled depends upon the type of claim that is being asserted. *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014).

An FHA claim must allege discrimination related to the terms, conditions, privileges, or provisions of services of a dwelling. *See Bloch*, 587 F.3d at 776. A claim also must plead the type of discrimination that occurred, by whom, and when. *See McCauley v. City of Chicago,* 671 F.3d 611, 617 (7th Cir. 2011); *Swanson v. Citibank,* 614 F.3d 400, 405 (7th Cir. 2010) ("Swanson's complaint identifies the type of discrimination that she thinks occurs (racial), by whom (Citibank, through Skertich, the manager, and the outside appraisers it used), and when (in connection with her effort in early 2009 to obtain a home-equity loan). This is all that she needed to put in a complaint."). Here, the Plaintiffs allege the type of discrimination that occurred (disability), by whom (UCR, UCH, and Hodowaniec), and when (beginning August 25, 2015, and lasting approximately five and a half weeks). These allegations are sufficient to survive a Rule 12(b)(6) motion as to the reasonable accommodation claim.

The Defendants also argue that the Plaintiffs' claim that the failure to promptly repair the elevator made their dwelling unavailable in violation of Section 3604(f)(1) fails as a matter of law. The Court agrees. In *Bloch,* the Seventh Circuit analogized to the common law of constructive eviction in examining a claim under Section 3604(a) of the Fair Housing Act, which makes it unlawful to refuse to sell or rent "or otherwise make unavailable or deny" property to a person because of their religion. *Bloch,* 587 F.3d at 776-77. "Proving constructive eviction is a tall order . . . . Ordinarily, the plaintiff in such a case must show her residence is unfit for

occupancy, often to the point that she is compelled to leave." *Id.* at 777 (quotation and citation omitted). The fact that Quick's return to her apartment was delayed following knee surgery is not the same as being unable to return because she had a disability.[2] Nor is Brock's decision to move in November 2015—after the elevator had been fixed—sufficient to allege unavailability. Brock, Light, and Wells remained in their apartments during the time the elevator was out of service. Therefore, the Plaintiffs have not alleged facts that raise a possibility of relief regarding the availability of their apartment. "Availability, not simply habitability, is the right that § 3604(a) protects. . . . 'A lack of elevator service is a matter of habitability, not availability, and does not fall within the terms of these subsections.'" *Bloch*, 587 F.3d at 777 (quoting *Clifton Terrace Assocs., Ltd. v. United Techs. Corp.,* 929 F.2d 714, 719 (D.C. Cir. 1991)). The Plaintiffs have not pled any facts that raise their right to relief above a speculative level with regard to this claim. As such, this claim is dismissed.

## IV.   CONCLUSION

For the reasons set forth above, the Defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**.

**SO ORDERED: 12/1/16**

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.

---

[2] Under the FHA, a person is "handicapped" if she has "a physical or mental impairment which substantially limits one or more of [her] major life activities," or if she has "a record of having such an impairment" or is "regarded as having such an impairment." 42 U.S.C. § 3602(h).